## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and § <br> UNILOC LUXEMBOURG, S.A., § | Civil Action No. 2:16-cv-893 |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | PATENT CASE |
| § | |
| VONAGE HOLDINGS CORP. and § <br> VONAGE AMERICAS, INC., § | |
| § | |
| Defendant. § | JURY TRIAL DEMANDED |
| § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, Vonage Holdings Corp. and Vonage Americas, Inc. (together "Vonage"), allege as follows:

## THE PARTIES

1.     Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.     Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3.     Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

4.      Upon information and belief, Vonage Holdings Corp. is a Delaware corporation having a principal place of business in Holmdel, New Jersey.

5.      Upon information and belief, Vonage Americas, Inc. is a Delaware corporation having a principal place of business in Holmdel, New Jersey.

6.      Vonage offers its products, including those accused of infringement herein, to customers and potential customers in Texas and in the judicial Eastern District of Texas.  Vonage may be served with process through its registered agent for service of process in Delaware: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

7.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  Upon information and belief, Vonage is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

9.      Vonage is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business, *inter alia*, in Dallas, Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers throughout Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

10.     Uniloc incorporates paragraphs 1-9 above by reference.

11.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014.  A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

12.     Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

13.     Upon information and belief, the following identifies, at least in part, the Vonage Mobile App.:

The Vonage Mobile® App
Call, text, chat—and video
message—all from one
app.

Get Vonage Mobile®

Download and use the Vonage Mobile app with
iPhone, iPad and Android phones and tablets.




14.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:

Q. What devices are supported?

A. The Vonage Mobile® app is available for:
iPhone® 4 and higher (OS 6.0 and higher)
iPad® (OS 6.0 and higher)*
Android™ Phones (OS 2.3 and higher)
Android™ Tablets (OS 3.2 and higher)*
*To activate the app on your Apple iPad or Android tablet, a phone number that can receive SMS texts or phone calls during the activation process is required.

15.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:

Q. How is Vonage® different from my landline phone service?

A. The big difference is that Vonage works over the internet. So, you get everything you'd expect from a landline, plus a load of features like Voicemail that can deliver your messages by email or text message.

16.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:

Q. How does Vonage work with mobile phones?

A. In a few different ways. With Vonage Extensions®, you can link your mobile phone to your plan and get the same great international rates on the go.* If you have an iPhone® or Android™ device, the Vonage Extensions® app makes calling even easier.
If you don't have a Vonage plan, our Vonage Mobile app lets you make free high-definition calls and video calls, and send free texts, video messages and photos to anyone with the app, anywhere in the world.** You also get amazing low rates on international calls to anyone who doesn't have the app.
*Calls made outside of Wi-Fi networks will use your data plan and, depending on your plan, data-usage rates may apply. **Standard data rates may apply.

17.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



18.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



19.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



20.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:





21.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



22.    Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



23.    Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



24.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



25.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



26.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



27.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



28.    Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



29.    Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



30.     Upon information and belief, the following describes, at least in part, how the Vonage Mobile App. works:



31.     Vonage has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least claims 3, 4, 6-8, 10-19, 21-23 and 38-39 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Vonage Mobile App. System

during the pendency of the '622 Patent which software and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

32.     In addition, should the accused Vonage Mobile App. System be found to not literally infringe the asserted claims of the '622 Patent, the accused Vonage system would nevertheless infringe the asserted claims of the '622 Patent.  More specifically, the accused Vonage Mobile App. System performs substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). Vonage would thus be liable for direct infringement under the doctrine of equivalents.

33.     Vonage has indirectly infringed and continues to indirectly infringe at least claims 3-4, 6-8, 10-19, 21-23 and 38-39 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Vonage Mobile App. System.  Vonage's customers who purchase the Vonage Mobile App. System and operate such application in accordance with Vonage's instructions directly infringe one or more of the forgoing claims of the '622 Patent in violation of 35 U.S.C. § 271.   Vonage instructs its customers directly and indirectly through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.vonage.com

https://support.vonage.com/

www.youtube.com

Vonage is thereby liable for infringement of the '622 Patent under 35 U.S.C. § 271(b).

34.     Vonage has indirectly infringed and continues to indirectly infringe at least claims 3-4, 6-8, 10-19, 21-23 and 38-39 of the '622 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Vonage Mobile App. System, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '622 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

35.     For example, the Vonage Mobile App. System is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Vonage Mobile App. System is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Vonage is therefore, liable for infringement under 35 U.S.C. § 271(c).

36.     Vonage will have been on notice of the '622 Patent since, at the latest, the service of this complaint upon Vonage.  By the time of trial, Vonage will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 3-4, 6-8, 10-19, 21-23 and 38-39 of the '622 Patent.

37.     Vonage may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Vonage Mobile App.

System.   Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

38.     Uniloc has been damaged, reparably and irreparably, by Vonage's infringement of the '622 Patent and such damage will continue unless and until Vonage is enjoined.

## COUNT II
### (INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

39.     Uniloc incorporates paragraphs 1-38 above by reference.

40.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015.  A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

41.     Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

42.     Vonage has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least claims 1-5, 7-8, 10-12, 16-17 and 25-26 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Vonage Mobile App. System during the pendency of the '433 Patent which software and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

43.     In addition, should the Vonage Mobile App. System be found to not literally infringe the asserted claims of the '433 Patent, the Vonage Mobile App. System would nevertheless infringe the asserted claims of the '433 Patent.  More specifically, the accused Vonage Mobile App. System performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted).  Vonage would thus be liable for direct infringement under the doctrine of equivalents.

44.     Vonage has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-8, 10-12, 16-17 and 25-26 of the '433 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Vonage Mobile App. System.   Vonage's customers who purchase the Vonage Mobile App. System and operate such application in accordance with Vonage's instructions directly infringe one or more of the forgoing claims of the '433 Patent in violation of 35 U.S.C. § 271.   Vonage instructs its customers directly and indirectly through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.vonage.com

https://support.vonage.com/

www.youtube.com

Vonage is thereby liable for infringement of the '433 Patent under 35 U.S.C. § 271(b).

45.     Vonage has indirectly infringed and continues to indirectly infringe at least claims 1-5, 7-8, 10-12, 16-17 and 25-26 of the '433 Patent in this judicial district and elsewhere in the

United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Vonage Mobile App. System, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '433 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

46.     For example, the Vonage Mobile App. System is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Vonage Mobile App. System is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Vonage is, therefore, liable for infringement under 35 U.S.C. § 271(c).

47.     Vonage will have been on notice of the '433 Patent since, at the latest, the service of this complaint upon Vonage.  By the time of trial, Vonage will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-5, 7-8, 10-12, 16-17 and 25-26 of the '433 Patent.

48.     Vonage may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Vonage Mobile App. System.   Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

49.     Uniloc has been damaged, reparably and irreparably, by Vonage's infringement of the '433 Patent and such damage will continue unless and until Vonage is enjoined.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

50.     Uniloc incorporates paragraphs 1-49 above by reference.

51.     Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 19, 2009.  A true and correct copy of the '890 Patent is attached as Exhibit C hereto.

52.     Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

53.     Vonage has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least claims 1-6, 14-15, 17-20, 28-29, 31-34, 40-43, 51-54, 62-65 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Vonage Mobile App. System during the pendency of the '890 Patent which software and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

54.     In addition, should the Vonage Mobile App. System be found to not literally infringe the asserted claims of the '890 Patent, the Vonage Mobile App. System would nevertheless infringe the asserted claims of the '890 Patent.  More specifically, the accused Vonage Mobile App. System performs substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same

result (delivering voice messages to available intended recipients).  Vonage would thus be liable for direct infringement under the doctrine of equivalents.

55.     Vonage has indirectly infringed and continues to indirectly infringe at least claims 1-6, 14-15, 17-20, 28-29, 31-34, 40-43, 51-54, 62-65 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Vonage Mobile App. System.   Vonage's customers who purchase the Vonage Mobile App. System and operate such application in accordance with Vonage's instructions directly infringe one or more of the forgoing claims of the '890 Patent in violation of 35 U.S.C. § 271.   Vonage instructs its customers directly and indirectly through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.vonage.com

https://support.vonage.com/

www.youtube.com

Vonage is thereby liable for infringement of the '890 Patent under 35 U.S.C. § 271(b).

56.     Vonage has indirectly infringed and continues to indirectly infringe at least claims 1-6, 14-15, 17-20, 28-29, 31-34, 40-43, 51-54, 62-65 of the '890 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Vonage Mobile App. System, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially

made or especially adapted for use in infringing the '890 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

57.    For example, the Vonage Mobile App. System is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Vonage Mobile App. System is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Vonage is, therefore, liable for infringement under 35 U.S.C. § 271(c).

58.    Vonage will have been on notice of the '890 Patent since, at the latest, the service of this complaint upon Vonage.  By the time of trial, Vonage will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claims 1-6 , 14-15, 17-20, 28-29, 31-34, 40-43, 51-54, 57, 62-65 of the '890 Patent.

59.    Vonage may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Vonage Mobile App. System.  Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

60.    Uniloc has been damaged, reparably and irreparably, by Vonage's infringement of the '890 Patent and such damage will continue unless and until Vonage is enjoined.

## COUNT IV
### (INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

61.    Uniloc incorporates paragraphs 1-60 above by reference.

62.    Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING

that issued on June 12, 2012.  A true and correct copy of the '747 Patent is attached as Exhibit D hereto.

63.     Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

64.     Vonage has directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least claim 2 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Vonage Mobile App. System for/on mobile and desktop devices during the pendency of the '747 Patent which software and associated servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.

65.     In addition, should the Vonage Mobile App. System be found to not literally infringe the asserted claims of the '747 Patent, the Vonage Mobile App. System would nevertheless infringe the asserted claims of the '747 Patent.  More specifically, the accused Vonage Mobile App. System performs substantially the same function (instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is unavailable), to yield substantially the same result (delivering voice messages with attached file(s) to available

intended recipients).  Vonage would thus be liable for direct infringement under the doctrine of equivalents.

66.     Vonage has indirectly infringed and continues to indirectly infringe at least claim 2 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, actively inducing the using, offering for sale, selling, or importing the Vonage Mobile App. System.  Vonage's customers who purchase the Vonage Mobile App. System and operate such application in accordance with Vonage's instructions directly infringe one or more of the forgoing claims of the '747 Patent in violation of 35 U.S.C. § 271.  Vonage instructs its customers directly and indirectly through training videos, demonstrations, brochures, installation and/or user guides, such as those located at the following:

www.vonage.com

https://support.vonage.com/

www.youtube.com

Vonage is thereby liable for infringement of the '747 Patent under 35 U.S.C. § 271(b).

67.     Vonage has indirectly infringed and continues to indirectly infringe at least claim 2 of the '747 Patent in this judicial district and elsewhere in the United States by, among other things, contributing to the direct infringement by others including, without limitation customers using the Vonage Mobile App. System, by making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '747 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

68.     For example, the Vonage Mobile App. System is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patent process. Furthermore, the Vonage Mobile App. System is a material part of the claimed inventions and upon information and belief is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Vonage is, therefore, liable for infringement under 35 U.S.C. § 271(c).

69.     Vonage will have been on notice of the '747 Patent since, at the latest, the service of this complaint upon Vonage.  By the time of trial, Vonage will have known and intended (since receiving such notice) that its continued actions would actively induce, and contribute to, the infringement of one or more of claim 2 of the '747 Patent.

70.     Vonage may have infringed the '747 Patent through other software utilizing the same or reasonably similar functionality, including other versions of the Vonage Mobile App. System.   Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

71.     Uniloc has been damaged, reparably and irreparably, by Vonage's infringement of the '747 Patent and such damage will continue unless and until Vonage is enjoined.

## **PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Vonage as follows:

(A)     that Vonage has infringed the '622 Patent, the'433 Patent, the '890 Patent, and the '747 Patent;

(B)     awarding Uniloc its damages suffered as a result of Vonage's infringement of the '622 Patent, the '433 Patent, the '890 Patent, and the '747 Patent pursuant to 35 U.S.C. § 284;

(C)      enjoining Vonage, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '622 Patent, '433 Patent, '890 Patent, and the '747 Patent pursuant to 35 U.S.C. § 283;

(D)      awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)      granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: August 11, 2016                    Respectfully submitted,


                                          */s/ Craig Tadlock*
                                          Craig Tadlock
                                          Texas State Bar No. 00791766
                                          Keith Smiley
                                          Texas State Bar No. 24067869
                                          **TADLOCK LAW FIRM PLLC**
                                          2701 Dallas Parkway, Suite 360
                                          Plano, TX 75093
                                          Tel: (903) 730-6789
                                          Email: craig@tadlocklawfirm.com
                                          Email: keith@tadlocklawfirm.com

                                          Paul J. Hayes
                                          Kevin Gannon
                                          **CESARI AND MCKENNA, LLP**
                                          88 Black Falcon Ave
                                          Suite 271
                                          Boston, MA 02110
                                          Telephone: (617) 951-2500
                                          Facsimile: (617) 951-3927
                                          Email: pjh@c-m.com
                                          Email: kgannon@c-m.com

                                          **ATTORNEYS FOR THE PLAINTIFFS**